HERBERT J. KOEHLER, RECEIVER, ETC., v. AARON S. CADES.

Decided July 26, 1928.

Before Gummere, Chief Justice, and Justices Black and Lloyd.

For the appellant, *Lewis Liberman* and *James M. Davis*.

For the respondent, *Louis B. LeDuc*.

Per Curiam.

The plaintiff is the receiver of J. R. Tucker, Incorporated. He brought this suit to recover commissions which he claimed to have been due to the bankrupt corporation under a contract with the defendant for the sale of the latter's property in Camden. The Tucker concern assigned to the plaintiff all its rights under the contract. The trial resulted in a judgment in favor of the plaintiff, and the defendant has appealed.

The following are the material facts: On the 11th of September, 1925, the defendant delivered to the Tucker concern the following paper: "In consideration of your effecting sale of premises 115 North Third street, Camden, New Jersey, between your clients, Frank Levy and Diana Levy, his wife, and myself and wife, I agree to pay you a commission of $1,000 at the time of final settlement, December 15th, 1925." On the day that this paper was signed the Tucker concern negotiated a contract for the sale and purchase of the property between the defendant and his wife and Levy and his wife for $21,000.

The first contention on the part of the appellant, who was the defendant below, is that the judgment under review should be reversed because the agreement referred to was altered after its execution by the plaintiff, the alteration consisting in the insertion after the name "Frank Levy" of the words "and Diana, his wife," and also the letter *s* after the

word "client." We consider this contention to be without merit. The proofs make it clear that a blank was left for the insertion of the name of Levy's wife in case he was then married—a fact which neither of the parties certainly knew—and the evident purpose of the parties was to permit Tucker to fill in this blank after the fact was discovered. The law is entirely settled that if a person executes an agreement knowing that there are blanks in it to be filled up by inserting particular names, he is considered as consenting that the blanks may be thus filled after he has executed the contract.

It is further argued that this agreement was improperly admitted in evidence because it was never signed by Levy's wife. The proof, however, was to the contrary; that is, the evidence showed due execution by Diana Levy.

Next, it is argued that the court should have directed a nonsuit. The first ground upon which the direction was asked for was that the paper heretofore referred to was without legal force. This matter we have already disposed of. The second ground was that the plaintiff had failed to show that the Tucker concern had produced a party able and willing to purchase. A conclusive answer to this contention is that the Tucker concern was under no such obligation. Its contract was that it should produce particular persons as the purchasers, namely, Levy and his wife; and the defendant agreed that, if these purchasers were produced, the Tucker concern should be paid the commission referred to.

The last ground upon which we are asked to reverse the judgment before us in that the charge of the court was erroneous in that it virtually required the jury to render a verdict in favor of the plaintiff and against the defendant if they did not find that the plaintiff's assignee had been guilty of bad faith. This contention, however, is not based upon any of the reasons for reversal filed by the appellant, and, therefore, is not now entitled to consideration.

The judgment under review will be affirmed.